GARY M. RESTAINO
United States Attorney
District of Arizona

JOSEPH BOZDECH
California State Bar Number 303453
Assistant United States Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: joseph.bozdech@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>      v.<br><br>Ty Logan Mealey,<br><br>              Defendant. | CR 23-00053-PHX-SPL (MTM)<br><br>**MOTION FOR ORDER OF FORFEITURE** |

Plaintiff United States of America moves for a preliminary order of forfeiture. A proposed order is submitted with this motion.

On January 25, 2024, defendant Ty Logan Mealey pleaded guilty to a lesser-included offense of Count 2 of the Indictment, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), a Class C felony offense.

The defendant admitted to the forfeiture allegations contained in the Indictment and agreed to forfeit to the United States any and all right, title, and interest in any and all property, real or personal, involved in such offense, or any property traceable to such property involved in the offense, or conspiracy to commit such offense, including the following:

1. $21,564.00 in United States currency; and,
2. 2018 Jeep Wrangler bearing Arizona license plate CVB6190, Vehicle Identification Number 1C4BJWFG4JL888149 (the "Subject Property").

Based upon the evidence set forth in the plea agreement, the United States has established the requisite nexus between the Subject Property and the offense for which the defendant has pled guilty, and that the defendant has an interest in such property. Accordingly, that property is subject to forfeiture to the United States pursuant to 8 U.S.C. § 1324(b), 18 U.S.C. §§ 924(d), 981, 982 and 2253, 21 U.S.C. §§ 853 and 881, and/or 28 U.S.C. § 2461(c).

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

> (1)(A) As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.
>
> \*\*\*
>
> (2)(A) If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> \*\*\*
>
> (3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and must be made part of the sentence and be included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

Upon the issuance of a preliminary order of forfeiture, the United States will publish notice regarding the Subject Property on the Government's official internet website www.forfeiture.gov, and will send direct notice to any person, other than the defendant(s), having or claiming a legal interest in the property, advising such person of his or her right to file a petition contesting the forfeiture in according with 21 U.S.C. § 853(n) and Rule 32.2(c). This notice will state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, and the petitioner shall serve a copy upon **Joseph Bozdech**, Assistant United States Attorney. The United States may also, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the Subject Property.

In accordance with 28 U.S.C. § 2461 and Fed. R. Crim. P. 32.2(b)(3), the United States requests that it be permitted to undertake whatever discovery is necessary to identify, locate or dispose of property subject to forfeiture, or substitute assets for such property.

WHEREFORE, the United States respectfully requests that this Court enter a preliminary order of forfeiture forfeiting to the United States the Subject Property.

DATED this 13th day of March, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

 /S/ Joseph F. Bozdech
JOSEPH F. BOZDECH
Assistant United States Attorney

**CERTIFICATION**

I certify that on March 13, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Anthony J. Knowles
KNOWLES LAW OFFICE, PLC
Email: tonyknowles@knowleslaw.org
*Counsel for Defendant Ty Logan Mealey*

By: /S/ Tina Keoni
     U.S. Attorney's Office